Perry CLOYD and Debra Cloyd, Appellants–Plaintiffs,

v.

Bette PASTERNAK, Appellee–Defendant.

No. 49A02–0209–CV–794.

Court of Appeals of Indiana.

June 5, 2003.

Publication Ordered July 17, 2003.

**758**

Casey D. Cloyd, Indianapolis, IN, Attorney for Appellants.

Linda Y. Hammel, Yarling & Robinson, Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Perry and Debra Cloyd appeal the trial court's decision to deny their motion to reinstate their claim after it was dismissed pursuant to Ind. Trial Rule 41(E). They contend that the trial court abused its discretion in denying their reinstatement motion under T.R. 41(F) without first conducting a hearing.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 24, 1996, Perry Cloyd's car was struck by a car being driven by Bette Pasternak. In July 1998, the Cloyds brought suit against Pasternak for negligence. In July 2000, the trial court dismissed their complaint without prejudice pursuant to T.R. 41(E). The Cloyds appealed, but we affirmed the dismissal in an unpublished memorandum decision. *Cloyd v. Pasternak,* No. 49A04–00110–CV–496, 750 N.E.2d 27 (Ind.Ct.App. Jun. 27, 2001). On June 27, 2002, the Cloyds filed a motion to reinstate their claim in the trial court pursuant to T.R. 41(F). Without a hearing, the trial court denied the motion. The Cloyds now appeal.

## DISCUSSION AND DECISION

The Cloyds argue that the trial court abused its discretion in denying their motion to reinstate without first conducting a hearing. A trial court's ruling on a motion to reinstate an involuntary dismissal is reviewed for an abuse of discretion. *Pre–Finished Moulding & Door, Inc. v. Insurance Guidance Corp.,* 438 N.E.2d 16, 19 (Ind.Ct.App.1982), *overruled in part on*

*other grounds by Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332 (Ind.1983); *Levin & Sons, Inc. v. Mathys,* 409 N.E.2d 1195, 1198 (Ind.Ct.App.1980). Judicial discretion has been defined as a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice. *Fulton v. Van Slyke,* 447 N.E.2d 628, 636 (Ind.Ct.App.1983). Our review of an exercise of judicial discretion must be made in light of and confined to the facts and circumstances of a particular case. *Id.*

T.R. 41(E) and (F) provide:

"(E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(F) Reinstatement following dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

Here, the trial court specified that its dismissal of the Cloyds' complaint was without prejudice.[1] When a case is dismissed without prejudice under T.R. 41, the trial court's action in deciding whether to set aside the dismissal is governed by T.R. 41(F) without resort to T.R. 60(B). *Waitt v. Waitt,* 429 N.E.2d 6, 7 (Ind.Ct. App.1981). By its express terms, T.R. 41(F) does not require a hearing prior to a decision whether to set aside a dismissal without prejudice. Rather, the decision whether to hold a hearing is a matter within the trial court's discretion. Here, the Cloyds' motion to reinstate included no basis for reinstatement beyond that alleged in their previous appeal from the trial court's dismissal of their case. The trial court did not err in failing to conduct a hearing under the circumstances.

Nonetheless, the Cloyds point out that other rules contain a hearing requirement prior to a ruling on a dispositive motion and argue that a hearing is therefore required in this circumstance as well. To the contrary, we find that the inclusion of such a requirement in the other rules demonstrates that the exclusion of the requirement here was purposeful. The supreme court required a hearing where it deemed advisable. *See* T.R. 55 (requiring hearing prior to entry of default judgment); T.R. 56(C) (requiring hearing prior to entry of summary judgment). For motions to reinstate causes dismissed without prejudice, there is no such requirement. The trial court did not err.

Affirmed.

MATTINGLY–MAY, J., and MATHIAS, J., concur.

---

1. The Cloyds argue that although the trial court stated that its dismissal was without prejudice, it was a de facto dismissal with prejudice because they are prevented from refiling their claim because the statute of limitations has run. However, the trial court expressly stated its dismissal was without prejudice. The fact that the Cloyds may be unable to refile their claim because they failed to prosecute it for a number of years does not render the dismissal with prejudice.

## ORDER

This Court heretofore handed down its opinion in this cause on June 5, 2003, marked Memorandum Decision, Not for Publication.

The Appellee, by counsel, having thereafter filed her Motion to Publish Opinion, alleging therein that the Appellee believes that this is the first Indiana appellate opinion to establish that there is no right to a hearing on a motion to reinstate filed pursuant to Trial Rule 41(F) and that the decision to hold a hearing or not to hold a hearing is within the discretion of the trial court.

The Court having examined said Motion, having reviewed its opinion in this matter and being duly advised, now finds that said Motion to Publish Opinion should be granted.

IT IS THEREFORE ORDERED that the Appellee's Motion to Publish Opinion is GRANTED and this Court's opinion heretofore handed down in this cause on June 5, 2003, marked Memorandum Decision, Not for Publication, is now ORDERED published.