NATARE CORPORATION,
Appellant–Defendant,

v.

CARDINAL ACCOUNTS, INC.,
Appellee–Plaintiff.

No. 49A05–0704–CV–210.

Court of Appeals of Indiana.

Oct. 18, 2007.

Joel E. Tragesser, Maggie L. Smith, Jeffrey M. Boldt, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

C. Warren Nerz, Nerz & Associates, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Natare Corporation (Natare) appeals from the trial court's order granting appellee-plaintiff Cardinal Accounts, Inc.'s (Cardinal) motion to reinstate its complaint against Natare. In particular, Natare contends that Cardinal has failed to establish that it has a meritorious claim, that Cardinal has not shown exceptional circumstances justifying extraordinary relief, and that the balance of equities weighs against reinstating the complaint. Finding that Cardinal has wholly failed to carry its burden of establishing that it is entitled to reinstatement, we reverse the judgment of the trial court.

## FACTS

In July 2001, Natare entered into an agreement with Burgess & Niple (Burgess) for engineering services. Burgess subsequently sent invoices to Natare, but Natare disputed the charges and refused to pay. Burgess took no further action for twenty-seven months. On December 31, 2003, Burgess demanded that Natare pay $22,212 in allegedly outstanding invoices. After Natare refused to pay, Burgess assigned the account to Cardinal, a collection agency.

In May 2004, Cardinal filed a complaint against Natare, seeking the funds allegedly owed to Burgess. Natare answered the complaint in July 2004, vigorously disputing that it owed any money.

Cardinal took no action on the complaint for over a year. Thus, in July 2005, the trial court issued an Indiana Trial Rule 41(E)[1] call to the docket, notifying Cardinal that the case would be dismissed unless Cardinal established sufficient cause to maintain the action and scheduling a hearing on the matter. After immediately serving some limited discovery, Cardinal filed a motion requesting that the hearing be vacated because the parties "are currently in the process of conducting discovery." Appellant's App. p. 20–21. On August 22, 2005, the trial court granted Cardinal's motion and withheld dismissal of the case on the condition that a Case Management Order with specific dates be filed within thirty days. Cardinal did not file a Case Management Order.

Another six months passed and Cardinal took no further action in the litigation. Thus, in February 2006, the trial court again notified Cardinal that the action would be dismissed unless sufficient cause was established at a hearing to maintain the litigation, scheduling the hearing for

---

1. Rule 41(E) provides as follows:

    Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

March 6, 2006. On March 5, 2006, Cardinal filed what was essentially a carbon copy of the motion it had filed when the trial court last scheduled a Rule 41(E) hearing, changing only the hearing dates. Cardinal erroneously assumed that the trial court had granted its motion and failed to appear at the March 6 hearing. Noting Cardinal's failure to appear and the fact that it had failed to file the Case Management Order, the trial court denied Cardinal's motion and dismissed the complaint with prejudice. The trial court promptly sent notice of the dismissal to Cardinal.

Following the dismissal, Cardinal took no further action for six to seven months. At that time, concluding that litigation on the matter was complete, Natare disposed of the documents and evidence supporting its defenses to Cardinal's claims.

In December 2006, over nine months after the case had been dismissed, Cardinal filed a motion to reinstate the case, explaining that its attorney had just opened the case file for the first time since the March 2006 hearing was held and noticed that the case had been dismissed. In an unverified motion with no supporting affidavits, Cardinal argued that the cause should be reinstated because its attorney's staff had inadvertently filed the court's order of dismissal in counsel's own file before he had seen it.

■ At a January 31, 2007, hearing on the motion to reinstate, the only evidence presented was the testimony of Natare's president regarding the prejudice Natare would suffer if the case was reinstated.

The day after the hearing, the trial court initiated a telephonic conference with the parties and requested that Natare make a settlement offer to Cardinal so that the trial court could avoid ruling on the motion.[2] Appellant's App. p. 51. Natare refused to settle. Notwithstanding Natare's refusal, on March 29, 2007, the trial court granted Cardinal's motion to reinstate the complaint. Natare now appeals.

### DISCUSSION AND DECISION

■ Natare argues that the trial court erroneously reinstated Cardinal's complaint. We review a trial court's decision to reinstate a case pursuant to Trial Rule 41(F) for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Sudvary v. Mussard*, 804 N.E.2d 854, 856 (Ind.Ct.App.2004).

■ When, as here, a case has been dismissed with prejudice pursuant to Rule 41(E), "Trial Rule 41(F) limits the ability of a trial court to grant reinstatement" of the complaint. *Brimhall v. Brewster*, 835 N.E.2d 593, 596 (Ind.Ct.App.2005), *trans. denied*. Specifically, Rule 41(F) provides that "[a] dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." At issue herein are the following portions of Rule 60(B):

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment,

---

**2.** Cardinal has filed a motion to strike portions of Natare's brief regarding the telephonic conference because it is not contained in the court record and is "irrelevant, impertinent, and immaterial...." Motion p. 2. Natare, however, described the conference in the motion to reconsider it filed with the trial court. Cardinal did not object to the content

or inclusion of Natare's description. Thus, Cardinal has waived this argument and the description of the telephonic conference as contained in Natare's motion to reconsider is properly part of the record on appeal. By separate order issued contemporaneously with this opinion, we hereby deny Cardinal's motion to strike.

including a judgment by default, for the following reasons:

\* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).... A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

In addition to complying with Rule 60(B), a movant seeking to reinstate a Rule 41(E) dismissal is required to "make a prima facie showing that a different result would have obtained had the matter been tried on the merits." *Anderson v. State Auto Ins. Co.*, 851 N.E.2d 368, 371 (Ind.Ct.App. 2006). More specifically,

[t]he catalyst needed to obtain the proper relief is *some admissible evidence* which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery.... There need not be a showing of absolute entitlement to the relief sought in the instances of a defense or necessary party, for example, but enough evidence must be presented to reasonably satisfy the trial court that there is sufficient merit in the motion for relief to justify altering or setting the judgment aside upon hearing additional evidence.

*Bross v. Mobile Home Estates, Inc.*, 466 N.E.2d 467, 469 (Ind.Ct.App.1984) (emphasis added). "[Rule 60(B)] requires something more than allegations of the possibility of evidence and prejudice." *Minnick v. Minnick*, 663 N.E.2d 1226, 1228 (Ind.Ct. App.1996).

■ Here, Cardinal has presented no admissible evidence establishing that it has a meritorious claim or that a different result would have been reached had the matter been tried on the merits. Indeed, the only information contained in the record on the substance of Cardinal's claim is the complaint. As aptly put by Natare,

if all a party needed was a Complaint on file to satisfy the well-established requirement that a prima facie case be demonstrated by some type of evidence, then that requirement would be illusory and nothing more than a nullity because every Rule 60(B) case has a Complaint in the court file.

Appellant's Br. p. 11–12. We agree and find that the mere existence of a complaint establishes neither a meritorious claim nor that a different result would have been reached had the matter been tried on the merits.

■ Furthermore, Cardinal sought relief pursuant to Rule 60(B)(8). It is established, however, that "the trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." *Brimhall*, 864 N.E.2d at 1153.

Here, Cardinal filed the complaint and took no action thereon for over a year, until it was forced to do so by the trial court's threatened dismissal. Cardinal makes no attempt to explain this delay. After the trial court agreed to permit Cardinal to maintain the action with the condition that Cardinal file a Case Management Order within thirty days, Cardinal failed to file the requisite order and took no action for another six months. It makes no attempt to explain this delay. The trial court sent notice to Cardinal that another hearing had been scheduled to determine whether the case should be dismissed; Cardinal waited until the day before the hearing to file the same motion it had filed six months earlier requesting that it be permitted to maintain the action. Cardinal makes no attempt to explain this delay, and its only explanation for the failure to

appear at the scheduled hearing was that its attorney erroneously assumed that its motion had been granted. Finally, after the case was dismissed, Cardinal waited for nine months to seek reinstatement. Its only explanation is that the order of dismissal was filed before counsel had an opportunity to see it, but it offers no explanation for counsel's failure to open the case file for *nine months* after the hearing took place. We simply cannot conclude that these circumstances are remotely exceptional or that they in any way justify the extraordinary relief of reinstatement.

■■■ Finally, in ruling on a Rule 60(B) motion, "the trial court is required to balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation." *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 278–79 (Ind.Ct.App.2000). Here, we cannot conclude that Cardinal has suffered any injustice. As the trial court noted, "[t]he case is three years old [and] *nothing has been done.*" Appellant's App. p. 42 (emphasis added). Natare correctly explains that "[t]he fact that this case was finally dismissed after these years of inaction is not an injustice; it is an example of the system working exactly as it is intended." Appellant's Br. p. 16.

Natare, on the other hand, waited for six to seven months after the dismissal of the cause, during which time Cardinal had taken no further action, and reasonably elected to destroy the documents and evidence supporting its defenses herein. Cardinal makes a somewhat astonishing and entirely unsupported statement that "[t]he document issue could be easily solved because [Burgess] still has its entire file and the majority, if not all, of what [Natare] destroyed is still in existence." Appellee's Br. p. 10. Initially, we observe that, given that no discovery has been exchanged in this litigation, there is no possible way that Cardinal could know what was contained in Natare's files. Furthermore, although Burgess may have its *own* file on this matter, there is no logical reason to conclude that it will have any of *Natare's* internal notes, job records, memoranda, results of Natare's investigations or other information that supports its defenses. Given Cardinal's inexcusable and unexplained inaction and Natare's reasonable decision to destroy relevant documents, we conclude that the balance of equities weighs firmly against reinstating this case.

Ultimately, we conclude that the trial court's decision to reinstate Cardinal's complaint was against the logic and effect of the facts and circumstances before the court and that it abused its discretion in ordering reinstatement.

The judgment of the trial court is reversed.

BAILEY, J., and VAIDIK, J., concur.