**NATARE CORPORATION,**
**Appellant–Defendant,**

v.

**CARDINAL ACCOUNTS, INC.,**
**Appellee–Plaintiff.**

No. 49A05–0704–CV–210.

Court of Appeals of Indiana.

Jan. 17, 2008.

---

Joel E. Tragesser, Maggie L. Smith, Jeffrey M. Boldt, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

C. Warren Nerz, Nerz & Associates, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION ON APPELLANT'S MOTION TO TAX COSTS

BAKER, Chief Judge.

In *Natare Corporation v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055 (Ind.Ct.App. 2007), we reversed the trial court's order reinstating appellee-plaintiff Cardinal Accounts, Inc.'s (Cardinal) complaint, which had languished for months as a result of Cardinal's unexplained inaction. We concluded that Cardinal had not even attempted, pursuant to Indiana Appellate Rule 60(B), to establish that it had a meritorious claim or that a different result would have been reached had the matter been tried on the merits. *Id.* at 1059. We also found that Cardinal's multiple unexplained delays did not constitute exceptional circumstances pursuant to Rule 60(B)(8). *Id.* at 1059–60. Cardinal did not seek rehearing or transfer; consequently, the opinion has been certified.

On December 18, 2007, Natare filed a motion to tax costs pursuant to Indiana Appellate Rule 67, which provides, in relevant part, as follows:

(B) Components. Costs shall include:

   (1) the filing fee, including any fee paid to seek transfer or review;

   (2) the cost of preparing the Record on Appeal, including the Transcript, and appendices; and

   (3) postage expenses for service of all documents filed with the Clerk.

The Court, in its discretion, may include additional items as permitted by

law. Each party shall bear the cost of preparing its own briefs.

(C) Party Entitled to Costs.... When a judgment has been reversed in whole, the appellant shall recover costs in the Court on Appeal and in the trial court or Administrative agency as provided by law....

Natare asks that it be reimbursed for the cost of the filing fee, transcript preparation, appendix production, and postage, which totaled $333.68. Cardinal does not contest the request or the amount. Consequently, we grant Natare's motion to the extent that it requests reimbursement of these costs in the amount of $333.68 and remand this cause to the trial court so that it may ensure that the sum is paid.

■ Natare also observes that Rule 67 provides for "additional items as permitted by law," and moves that it be awarded attorney fees pursuant thereto. Indeed, a panel of this court has held that "additional items as permitted by law" does include attorney fees "when an appeal is 'permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 442 (Ind.Ct. App.2002) (quoting *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind.1987)).

■ It is well established that in pursuing a lawsuit, attorneys are expected to "determine expeditiously" the propriety of continuing the litigation and are expected to dismiss promptly claims that are found to be frivolous, unreasonable, or groundless. *Kahn v. Cundiff*, 543 N.E.2d 627, 629 (Ind.1989). If a party continues to litigate a case past that point, the litigation becomes frivolous and attorney fees for the other party "from that point in the litigation at which pursuing the claim became frivolous" are warranted. *Id.*

Here, we confront the following timeline of events:

> ... Cardinal filed the complaint and took no action thereon for over a year, until it was forced to do so by the trial court's threatened dismissal. Cardinal makes no attempt to explain this delay. After the trial court agreed to permit Cardinal to maintain the action with the condition that Cardinal file a Case Management Order within thirty days, Cardinal failed to file the requisite order and took no action for another six months. It makes no attempt to explain this delay. The trial court sent notice to Cardinal that another hearing had been scheduled to determine whether the case should be dismissed; Cardinal waited until the day before the hearing to file the same motion it had filed six months earlier requesting that it be permitted to maintain the action. Cardinal makes no attempt to explain this delay, and its only explanation for the failure to appear at the scheduled hearing was that its attorney erroneously assumed that its motion had been granted. Finally, after the case was dismissed, Cardinal waited for nine months to seek reinstatement. Its only explanation is that the order of dismissal was filed before counsel had an opportunity to see it, but it offers no explanation for counsel's failure to open the case file for *nine months* after the hearing took place.

*Natare*, 874 N.E.2d at 1059–60 (emphasis in original). It is readily apparent that, at the very least, from the moment that Cardinal sought reinstatement after nine months had elapsed since the dismissal of its complaint—with no credible explanation for the delay or *any* attempt to argue that its claim was meritorious—this litigation became frivolous. Natare was forced to appeal the erroneous result of the frivolous litigation and should not have to bear the financial burden of its attorneys' services

during the appellate process. Under these circumstances, therefore, we find that Natare is entitled to its appellate attorney fees. Thus, we remand this cause to the trial court for a calculation of the reasonable appellate attorney fees due to Natare.

Natare's motion to tax costs is granted and remanded with instructions to (1) order Cardinal to pay Natare's costs in the amount of $333.68, and (2) calculate the amount of Natare's reasonable appellate attorney fees and order Cardinal to pay that amount.

BAILEY, J., and VAIDIK, J., concur.