FILED

May 31 2017, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Kelly McGoffney
Terre Haute, Indiana

ATTORNEYS FOR APPELLEES

Attorneys for Margaret Ditteon
d/b/a Personal Resource
Management:
Mark D. Hassler
Jacob H. Miller
Hunt Hassler Kondras & Miller,
LLP
Terre Haute, Indiana

Attorneys for State of Indiana:
Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

The Estate of Carrie Etta Mills-McGoffney,

*Appellant-Defendant,*

v.

Vigo County Prosecutor, Terry Modesitt, Vigo County Adult Protective Services, Jerry Hawk, Angela Hall, and Margaret Ditteon d/b/a Personal Resource Management,

May 31, 2017

Court of Appeals Case No.
84A01-1608-MI-1810

Appeal from the Vigo Superior Court

The Honorable Hugh R. Hunt, Special Judge

Trial Court Cause No.
84D02-1411-MI-8697



*Appellee-Defendant.*

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Plaintiffs, the Estate of Carrie Etta Mills McGoffney (Estate) and Kelly McGoffney (McGoffney) as the Estate's personal representative, appeal the trial court's denial of a motion to reinstate their previously-dismissed case against Appellees-Defendants, Vigo County Prosecutor (Prosecutor), Vigo County Adult Protective Services (APS), and Margaret Ditteon d/b/a Personal Resource Management (Ditteon).

We affirm.

# ISSUES

McGoffney, on behalf of the Estate, raises five issues on appeal, one of which we find dispositive and which we restate as: Whether the trial court abused its discretion by denying McGoffney's Motion to Reinstate Original Proposed Complaint.

On cross-appeal, the Prosecutor, APS, and Ditteon raise one issue, which we restate as: Whether McGoffney's appeal (or parts thereof) should be dismissed due to her failure to timely file a Notice of Appeal.

## FACTS AND PROCEDURAL HISTORY

On November 20, 2012, Carrie Etta Mills McGoffney (Carrie) passed away. On December 3, 2012, her daughter, McGoffney, was appointed personal representative of Carrie's Estate. Prior to her death, Carrie had been domiciled in and held property in Vigo County, Indiana.

On November 20, 2014, McGoffney, *pro se*, entered an appearance on behalf of the Estate and filed a Complaint for Damages against the Prosecutor, APS, and Ditteon/Personal Resource Management. In the Complaint, McGoffney alleged that, prior to Carrie's death, the Prosecutor and APS became involved in a dispute over the guardianship of Carrie, and Ditteon was subsequently appointed to assume the care of Carrie against the wishes of certain family members, including McGoffney. According to McGoffney, as a result of actions by the Prosecutor, APS, and Ditteon, she was prohibited from having any contact with Carrie and was denied information on her whereabouts, only learning about Carrie's death after the fact. McGoffney claimed that Ditteon had refused to seek necessary treatment for Carrie, which resulted in Carrie's death. Accordingly, McGoffney, on behalf of the Estate, requested "to be compensated for [Carrie's] injuries and death and damages from the aforementioned negligent acts to the extent permitted by law." (Appellants' App. Vol. II, p. 19).

[7] On January 6, 2015, the trial court recused itself and on January 14, 2015, transferred the matter to the presiding judge for assignment of a special judge. On January 20, 2015, McGoffney requested that the presiding judge also recuse and assign the case to the same special judge who was handling several other matters concerning the Estate. Instead, on January 23, 2015, the presiding judge appointed Judge Hugh Hunt of Sullivan County as special judge.

[8] On January 23, 2015, after receiving an enlargement of time to respond, Ditteon filed an Answer. However, neither the Prosecutor nor APS filed a responsive pleading. Thus, on February 24, 2015, McGoffney filed a Motion for Default Judgment as to Certain Defendants. The next day, the Prosecutor and APS filed their Answer, which McGoffney moved to strike on March 6, 2015, because they did not seek leave to belatedly file the Answer. On April 2, 2015, the Prosecutor and APS filed a Motion to Strike Complaint. The Prosecutor and APS pointed out that McGoffney had signed the Complaint as the Estate's personal representative and indicated that she was filing *pro se*. However, because the Complaint was filed on behalf of the Estate, the Prosecutor and APS insisted that a licensed attorney was required to file. Regarding their belated Answer, the Prosecutor and APS argued that "[b]ecause the [C]omplaint is a nullity, . . . there's nothing to answer." (Appellants' App. Vol. II, p. 67).

[9] On April 8, 2015, the trial court issued an Order Striking Complaint. Having determined that McGoffney's Complaint should be stricken because it "was filed on behalf of an [E]state by a person who is not an attorney[,]" the trial

court determined that there was no need for an answer. (Appellants' App. Vol. II, p. 71). The trial court denied McGoffney's Motion for Default Judgment as to Certain Defendants and provided until "May 8, 2015, to file an amended complaint, signed by counsel. If no amended complaint is filed, this action will be dismissed without further notice." (Appellants' App. Vol. II, p. 72). On April 10, 2015, Ditteon joined in the Prosecutor's and APS' Motion to Strike Complaint. On April 17, 2015, the trial court issued another Order, reiterating that McGoffney's Complaint be stricken, as well as Ditteon's Answer.

[10] Thereafter, McGoffney retained counsel for the Estate. Instead of filing an amended complaint, the now-represented Estate, on April 21, 2015, filed a Motion for Reconsideration of Order Striking Complaint and Denying Default Judgment. Regarding McGoffney's *pro se* filing, the Estate argued that "[n]o Indiana authority appears to have specifically addressed the issue . . . . A review of the Probate Code demonstrates that nothing affirmatively requires a personal representative to hire an attorney." (Appellants' App. Vol. II, p. 79). Furthermore, the Estate asserted that, pursuant to the Wrongful Death Act, a personal representative "may maintain an action" on behalf of the decedent. (Appellants' App. Vol. II, p. 79). After filing this motion, the Estate's attorney withdrew its representation upon leave from the trial court and, in doing so, requested that the trial court allow the Estate additional time to seek new counsel to file an amended complaint as originally directed. On April 28, 2015, the trial court denied the Estate's Motion for Reconsideration of Order Striking Complaint and Denying Default Judgment. The trial court extended the

Estate's deadline to June 1, 2015, to file an amended complaint, signed by counsel.

[11] On May 27, 2015, McGoffney, again acting *pro se* for the Estate, filed a Motion for Final Entry of Judgment Denying Default Judgment; An Extension of Time to Amend the Original Complaint; and Motion for Change of Judge to the Indiana Supreme Court, which the trial court denied on June 1, 2015. On June 10, 2015, McGoffney filed another motion for a change of judge and disqualification of Judge Hunt, as well as a Motion for Final Entry of Judgment for Order dated April 28, 2015. On June 17, 2015, the trial court set all of McGoffney's pending motions for a hearing on July 1, 2015, in Sullivan County. *Sua sponte*, the trial court also set the matter for a dismissal hearing based on a failure to prosecute a case or comply with rules pursuant to Indiana Trial Rule 41(E).

[12] On June 25, 2015, McGoffney filed a motion reiterating her requests to assign the case to the Indiana Supreme Court for appointment of a special judge, to continue the hearing to allow new counsel time to file an amended complaint, and for final entry of default judgment. In her motion, McGoffney claimed that she had a conflict and a disability that would preclude her from attending the hearing scheduled for July 1, 2015. In addition, she stated that the trial court "has only been practicing for four years and was recently elected to the bench with no experience and most likely has never presided over a Tort claim matter." (Appellants' App. Vol. II, p. 154). McGoffney further protested

> [t]hat the [E]state has had other cases assigned to special judges and they always travel to Vigo County to appear for the hearing and don't require that the [E]state travel to another county especially Sullivan where the [E]state would be in the minority. That with all of the racial issues that our country is facing, that the [E]state doesn't feel as though they [*sic*] will receive a fair hearing and that the [trial court] is already being unfair, unbiased [*sic*] and impartial [*sic*] related to this matter in his rulings.

(Appellants' App. Vol. II, p. 154). Accordingly, McGoffney announced that she "refuse[d] to appear in any court proceedings until Judge Hunt recuses himself for a conflict of interest and professional misconduct related to this case." (Appellants' App. Vol. II, p. 154). The trial court denied this motion on June 26, 2015.

[13] On June 29, 2015, McGoffney again notified the trial court that she would be unable to "travel to the hearing scheduled tomorrow due to having prior commitments that date, disabled and all hearings are held in Vigo County and not the court where the judge resides. The court had better not dismiss this case when I'm entitled to a default judgment." (Appellants' App. Vol. II, p. 152). McGoffney further added that "[d]ue to the judge's inexperience, relationship with attorney in [the defendants'] law firm, relationship with [the prior trial court judge] and no access to a judge, jury or court of my peers it would be impossible to receive a fair trial in this county." (Appellants' App. Vol. II, p. 152).

[14] On July 1, 2015, the trial court conducted a hearing to consider McGoffney's outstanding motions. However, McGoffney failed to appear for the Estate.

Therefore, the trial court denied all of McGoffney's motions and, pursuant to Indiana Trial Rule 41(E), found that McGoffney had "failed to prosecute this action . . . an[d] thereby dismisse[d] this cause without prejudice pursuant to said rule at her costs." (Tr. p. 5). McGoffney never appealed the dismissal. Rather, one year later, on July 1, 2016, McGoffney, on behalf of the Estate, filed a *pro se* Motion to Reinstate Original Proposed Complaint pursuant to Trial Rule 41(F). McGoffney again requested that the trial court grant the Estate default judgment against the Prosecutor and APS. She also sought a change of judge. On July 8, 2016, the trial court denied McGoffney's Motion to Reinstate Original Proposed Complaint. The trial court further denied her motions for default judgment and for a change of judge.

[15] On August 4, 2016, McGoffney filed a Notice of Appeal, which was amended on September 7, 2016, seeking review of the trial court's July 8, 2016 denial of her Motion to Reinstate Original Proposed Complaint and motions for default judgment and a change of judge. On December 8, 2016, Ditteon filed a motion with our court to dismiss McGoffney's appeal as having been untimely filed. On December 16, 2016, the Prosecutor also filed a motion for dismissal based on McGoffney's failure to file a timely Notice of Appeal. On January 13, 2017, this court's motions panel denied Ditteon's and the Prosecutor's motions. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Dismissal of Appeal*

The Prosecutor and ASP contend that McGoffney's appeal should be dismissed due to her failure to timely appeal, and Ditteon agrees that certain issues are subject to dismissal. In order to initiate an appeal, a party must file a Notice of Appeal "within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). The failure to timely file a Notice of Appeal results in forfeiture of the appeal. Ind. Appellate Rule 9(A)(5). Although the right to appeal is forfeited, the failure to timely file a Notice of Appeal does not deprive our court of jurisdiction to entertain the appeal. *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Rather, the forfeited right may be restored for "extraordinarily compelling reasons." *Id.*

In this case, the trial court dismissed the Estate's case on July 1, 2015 without prejudice. Although a dismissal pursuant to Indiana Trial Rule 41(E) is a final appealable order, McGoffney did not appeal the dismissal or any of the trial court's prior orders. *Ind. Dep't of Nat. Res. v. Ritz*, 945 N.E.2d 209, 214 (Ind. Ct. App. 2011), *trans. denied*. Instead, one year after the trial court's order of dismissal, McGoffney filed a Motion to Reinstate Original Proposed Complaint pursuant to Indiana Trial Rule 41(F), as well as motions to grant default judgment and change of judge.

[18]     In *State ex rel. Peoples Nat'l Bank & Trust Co. of Washington v. Dubois Circuit Court*, 233 N.E.2d 177, 178 (Ind. 1968), our supreme court stated that "a motion to reinstate will not take the place of an appeal nor toll the running of the time for an appeal." We recognize that this case appears to have been decided before the enactment of Trial Rule 41(F), and the supreme court held that the failure to timely perfect an appeal deprived it of jurisdiction to consider the issue of reinstatement. *Id.* Notwithstanding subsequent changes in trial rules and case law regarding appellate jurisdiction, we agree that a motion for reinstatement does not toll the time for filing a Notice of Appeal to dispute the merits of matters finally decided. Yet, it is also clear that Trial Rule 41(F) contemplates that motions for reinstatement might be filed later than the typical thirty days for filing an appeal. Thus, when a motion for reinstatement is filed beyond the thirty-day mark for filing an appeal, we find that any subsequent appeal will pertain solely to whether the trial court abused its discretion in denying or granting the motion to reinstate.

[19]     In addition to challenging the trial court's denial of her Motion to Reinstate Original Proposed Complaint, McGoffney also argues on appeal that the trial court erroneously struck her Complaint based on her *pro se* status and erroneously refused to grant her default judgment based on the failure of the Prosecutor and APS to timely file their Answer. We find that McGoffney has forfeited her right to appeal these issues because such matters were ruled upon more than a year prior to filing the instant appeal. Accordingly, we solely

consider whether the trial court abused its discretion by denying McGoffney's Motion to Reinstate Original Proposed Complaint.

## II. *Reinstatement Pursuant to Indiana Trial Rule 41(F)*

We review a trial court's ruling on a motion to reinstate an involuntary dismissal using the abuse of discretion standard. *Cloyd v. Pasternak*, 791 N.E.2d 757, 758 (Ind. Ct. App. 2003). "Judicial discretion has been defined as a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice." *Id.* at 759. "Our review of an exercise of judicial discretion must be made in light of and confined to the facts and circumstances of a particular case." *Id.* In other words, we will uphold the trial court's decision unless it "is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law." *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055, 1058 (Ind. Ct. App. 2007).

Pursuant to Indiana Trial Rule 41(E),

> [w]henever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and

upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.[1]

Indiana Trial Rule 41(F) states that "[f]or good cause shown and within a reasonable time the court may set aside a dismissal without prejudice."[2] Our court has previously described the reinstatement of a case as "extraordinary relief." *Natare Corp.*, 874 N.E.2d at 1060. Accordingly, on appeal, we must determine whether McGoffney sought reinstatement within a reasonable time and whether she has established good cause to have the dismissal based on a failure to prosecute set aside.

[22] McGoffney insists that the trial court never should have stricken her Complaint because there is no rule that precluded her from filing a *pro se* claim on behalf of the Estate as the personal representative, and she further argues that she was entitled to a default judgment based on the failure of the defendants to timely file responsive pleadings. However, the trial court did not dismiss McGoffney's case based on the validity of her Complaint; rather, the trial court struck the

---

[1] We must point out the complete lack of merit in McGoffney's contention that the trial court failed to hold a dismissal hearing as required by this rule. The trial court specifically stated that it would be conducting a dismissal hearing on July 1, 2015, in conjunction with the hearing on McGoffney's other motions. McGoffney clearly had notice of the hearing, and explicitly acknowledged that the trial court "had better not dismiss this case when I'm entitled to a default judgment." (Appellants' App. Vol. II, p. 152). Yet, McGoffney willfully refused to appear at the hearing. Thus, she is precluded from contending that the trial court failed to conduct such a hearing.

[2] Indiana Trial Rule 41(F) also provides that when a case is dismissed with prejudice, such dismissal "may be set aside by the court for the grounds and in accordance with the provisions of [Indiana Trial] Rule 60(B)" (governing relief from judgment due to mistake, excusable neglect, newly discovered evidence, fraud, etc.). Because the trial court expressly dismissed McGoffney's claim *without prejudice*, we do not "resort to" Trial Rule 60(B). *Cloyd*, 791 N.E.2d at 759.

Complaint and declared answers thereto to be moot based on McGoffney's *pro se* status. It was only after McGoffney failed to file an amended complaint and failed to appear at the dismissal hearing that the trial court dismissed the Estate's case based on a failure to prosecute.

[23] Although McGoffney offers no argument as to why she waited one year to file her Motion to Reinstate Original Complaint or as to why such a time period should be considered reasonable, she does assert that there is good cause to reinstate her case because she did not fail to prosecute. Specifically, she contends that she

> consistently and zealously continued to prosecute the original [C]omplaint by filing pleading after pleading until her matter was dismissed [o]n July 1, 2015[,] for failure to prosecute. In fact, leading up to the July 1, 2015 hearing on [the] motion to dismiss the complaint pursuant to [Rule] 41(E), . . . McGoffney filed numerous motions attempting to prosecute and defend the Estate's position by requesting Change in Venue, Change in Judge, and reassignment of the case to the Indiana Supreme Court on June 10, 2015 for further review. All of . . . McGoffney's attempts as personal representative to prosecute the claims were continually denied by the [c]ourt and finally dismissed on July 1, 2015.

(Appellants' Br. pp. 19-20).

[24] Under Trial Rule 41(E), the trial court may dismiss if "no action has been taken . . . for a period of sixty (60) days." We agree with McGoffney that she did not simply sit by idly while the clock ticked away on her case. Rather, she filed motions repeatedly seeking default judgment and a change of judge. However,

her Complaint had been stricken as of April 8, 2015, and, thereafter, no action was taken to either file an amended complaint or to appeal the merits of her Complaint being stricken based on her *pro se* filing. Rather, during the period that the Estate was briefly represented by counsel, only a motion to reconsider was filed, which the trial court denied. Thus, for nearly three months, there was no active complaint before the trial court in order for the trial court to even be able to address McGoffney's related motions. Furthermore, McGoffney has offered no good cause as to why she did not attend the hearing on the dismissal. Instead, she explicitly, and inexplicably, informed the trial court that she refused to attend any additional proceedings so long as Judge Hunt continued to preside over the matter. Accordingly, we find that McGoffney has failed to establish good cause that her Complaint should be reinstated following a dismissal for failure to prosecute.[3]

## CONCLUSION

Based on the foregoing, we conclude that McGoffney has forfeited her right to appeal all issues beyond the trial court's denial of her Motion to Reinstate Original Proposed Complaint. We further conclude that the trial court acted

---

[3] McGoffney also argues that her Complaint "is saved" by the Journey's Account Statute, Indiana Code section 34-11-8-1. (Appellants' Br. p. 21). This statute "provide[s] for continuation of a cause of action when a plaintiff fails to obtain a decision on the merits for some reason other than his or her own neglect and the statute of limitations period expires while the suit is pending." *Blackman v. Gholson*, 46 N.E.3d 975, 980-81 (Ind. Ct. App. 2015). In other words, the Journey's Account Statute would permit McGoffney to "initiate a new action no later than three years after the failure or reversal of the cause of action." *Id.* at 980. The statute expressly excludes "negligence in the prosecution of the action." Ind. Code § 34-11-8-1(a)(1). Thus, this statute is not applicable in the present case where McGoffney's case was dismissed based on her failure to prosecute.

within its discretion in denying McGoffney's Motion to Reinstate Original Complaint.

[26] Affirmed.

[27] Najam, J. and Bradford, J. concur