

FILED

Nov 06 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James R. Fisher
Debra H. Miller
Miller & Fisher, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kevin S, Smith
Alexander P. Pinegar
Church, Church, Hittle & Antrim
Noblesville, Indiana

# IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin S. Smith, | November 6, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 19A-CT-1244 |
| v. | Appeal from the Marion Superior Court |
| Franklin Township Community School Corp., | The Hon. James A. Joven, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 49D13-1810-CT-42794 |

**Bradford, Judge.**

# Case Summary

In January of 2016, Benjamin Smith's vehicle collided with a school bus owned and operated by the Franklin Township School Corporation ("the School") in Indianapolis, causing him injury. In March of 2016, pursuant to the Indiana Tort Claims Act ("ITCA"), Smith sent notice to the School of his intent to file a tort claim ("the ITCA Notice"). On July 1, 2018, the Claims Against Public Schools Act ("CAPSA") became law, governing all civil actions or administrative proceedings brought against public schools and which includes its own notice provisions.

In October of 2018, Smith filed a negligence suit against the School, which moved to dismiss Smith's complaint on the basis that he had failed to provide CAPSA notice prior to filing. On January 29, 2019, the trial court dismissed Smith's complaint without prejudice. By this time, however, the relevant statute of limitations had run, preventing him from simply refiling. On March 29, 2019, Smith moved for his complaint to be reinstated pursuant to Indiana Trial Rule 41(F). On May 9, 2019, the trial court denied Smith's motion to reinstate. As restated, Smith contends that the trial court abused its discretion in denying his motion to reinstate because (1) CAPSA does not apply to his claim and (2) the ITCA Notice also satisfied the notice requirements of CAPSA in any event. Because we conclude that CAPSA does not apply to Smith's claim against the School, we need not reach his second claim and reverse and remand with instructions.

# Facts and Procedural History

[3] On January 7, 2016, Smith was involved in a collision between his vehicle and a school bus owned and operated by the School, suffering injuries. Smith sent the School an ITCA Notice on March 15, 2016, via certified mail. On July 1, 2018, CAPSA became law, governing all civil actions or administrative proceedings "brought against a public school under the laws of […] the United States [] or […] Indiana." Ind. Code § 34-13-3.5-1; *see generally* Ind. Code ch. 34-13-3.5. CAPSA requires, *inter alia*, that a potential plaintiff give notice of a civil lawsuit to a public school before it can be initiated, which notice must include a request for relief and an opportunity for the school to respond. On October 24, 2018, nine days prior to the running of the relevant statute of limitations, Smith filed a negligence complaint against the School, prior to which he did not provide the School with a separate CAPSA notice.

[4] On December 26, 2018, the School moved to dismiss Smith's complaint on the basis that he had failed to provide CAPSA notice prior to filing his complaint. On or about January 14, 2019, Smith sent a letter to the School demanding $500,000.00 to settle his claim and asking for a response within fifteen days. On January 29, 2019, the trial court dismissed Smith's complaint without prejudice. By this time, however, the relevant statute of limitations had run.

[5] On March 29, 2019, Smith moved for his complaint to be reinstated pursuant to Indiana Trial Rule 41(F). Smith alleged, *inter alia*, that "[p]ursuant to Trial Rule 41, good cause exist[ed] to reinstate this matter and for all other relief just and proper in the premises[.]" Appellant's App. Vol. II p. 18. On April 15, 2019, the School responded, alleging that Smith had failed to establish good

cause to reinstate his complaint because he had not established compliance with CAPSA's notice requirement. The same day, Smith filed a second motion to reinstate his complaint. On May 8, 2019, Smith filed a memorandum in support of his second motion to reinstate, arguing that (1) the notice requirements of ITCA are the only ones that apply to this case, (2) the ITCA Notice satisfied those requirements and (3) dismissal for failure to comply with the recently-enacted CAPSA's notice requirements would be "harsh and […] against the interest of justice." Appellant's App. p. 44. Smith noted that CAPSA "did not even exist at the time notice was given, and only came to be mere months prior to the suit being filed." Appellant's App. p. 44. On May 9, 2019, the trial court denied Smith's motion to reinstate.

# Discussion and Decision

[6] Smith is appealing from the trial court's denial of his motion to reinstate his negligence suit against the School. Indiana Trial Rule 41(F) provides that "[f]or good cause shown and within a reasonable time the court may set aside a dismissal without prejudice." We review a trial court's ruling on a motion to reinstate an involuntary dismissal for an abuse of discretion. *Cloyd v. Pasternak*, 791 N.E.2d 757, 758 (Ind. Ct. App. 2003). "Judicial discretion has been defined as a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice." *Id*. at 759. "Our review of an exercise of judicial discretion must be made in light of and confined to the facts and circumstances of a particular case." *Id*. We will uphold the trial court's decision unless it "is clearly against the logic and effect of the facts and

circumstances before it or if the court has misinterpreted the law." *Natare Corp. v. Cardinal Accts., Inc.*, 874 N.E.2d 1055, 1058 (Ind. Ct. App. 2007).

# I. ITCA

The parties seem to agree that ITCA applies to Smith's claim, with the School arguing only that Smith has failed to establish that the ITCA Notice satisfied the notice requirements of ITCA, pointing out that the ITCA Notice does not appear in the record on appeal. For his part, Smith points out that the School did not claim below that he failed to give it ITCA notice, and "[f]ailure to give notice is a defense that a political subdivision must assert in its answer to a plaintiff's complaint." *Fowler v. Brewer*, 773 N.E.2d 858, 862 (Ind. Ct. App. 2002), *trans. denied*.[1] Because the School has raised alleged deficiency of ITCA notice for the first time on appeal, the claim is waived for appellate consideration. *See, e.g.*, *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) ("[A] trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. Accordingly, as a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court. In such circumstances the argument is waived.") (citations omitted). Under the circumstances, we consider the ITCA

---

[1] The ITCA Notice's absence from the record is almost certainly due to the School's failure to challenge it below, as this obviated any need for Smith to produce it.

Notice's compliance with the notice requirements of ITCA to be conclusively established.[2]

## II. CAPSA

[8] The next question, then, is whether CAPSA also applies to Smith's claim, with the School claiming that it applies and Smith claiming that it does not. CAPSA governs all "civil action[s] or […] administrative proceeding[s] against a public school[.]" Ind. Code § 34-13-3.5-4. As for notice requirements, CAPSA provides that an individual may not initiate a civil or administrative action against a public school unless the individual first submits a written notice to the public school and its governing body that notifies them "of the alleged violation of law and indicates a proposed remedy." Ind. Code § 34-13-3.5-4. The public school has fifteen days to consider and either "[r]emedy the alleged violation or violations [or m]ake a written offer to the individual or entity to resolve the dispute." Ind. Code § 34-13-3.5-6. If a plaintiff does not comply with CAPSA's pre-suit notice requirements, the lawsuit is subject to dismissal without prejudice. Ind. Code § 34-13-3.5-7.

[9] Smith contends, *inter alia*, that applying CAPSA's provisions to his lawsuit would be an impermissible retroactive application. As an initial matter, the School claims that Smith has failed to preserve his retroactivity argument. "As

---

[2] The School has filed motions to strike sections of Smith's Brief of Appellant and Reply Brief referring to the ITCA Notice, which, as mentioned, does not appear in the record. Because we have concluded that the ITCA Notice's compliance has been conclusively established, however, we need not address these motions on their merits. We deny, as moot, both of the School's motions to strike in an order to be issued contemporaneously with this opinion.

a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court." *GKC Ind. Theatres, Inc. v. Elk Retail Inv'rs, LLC.*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002). "The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Id.*

[10] Under the circumstances, we conclude that Smith did more than enough to provide the trial court with an opportunity to rule on the question of retroactivity, thereby preserving it for appellate review. In Smith's second motion to reinstate his complaint against the School, he argued, *inter alia*, that dismissal for failure to comply with CAPSA's notice requirements would be "harsh and […] against the interest of justice[,]" noting that CAPSA "did not even exist at the time [ITCA] notice was given, and only came to be mere months prior to the suit being filed." Appellant's App. p. 44. Although Smith did not use the word "retroactive," his argument is essentially that CAPSA should not apply to his claim against the School because it was not yet the law when the claim accrued. We would be elevating form over substance if we ignored the fact that this is a retroactivity argument in all but name, and therefore choose to address it on the merits. *State ex rel. Att'y Gen. v. Lake Super. Ct.*, 820 N.E.2d 1240, 1252 (Ind. 2005) ("We are unwilling to fortify the armory of those who attack the law as famous for its ability to elevate form over substance.").

[11]     Whether a statute or amendment is to be applied retroactively to pending cases or only prospectively depends upon the legislature's

intent. Absent an express indication otherwise, we presume that the legislature intends statutes and amendments to apply prospectively. *Brane v. Roth*, 590 N.E.2d 587, 590 (Ind. Ct. App. 1992), *reh'g denied*, *trans. denied*; *Turner v. Town of Speedway*, 528 N.E.2d 858, 863 (Ind. Ct. App. 1988). Strong and compelling reasons must exist for retroactive application. *Gosnell v. Indiana Soft Water Service*, 503 N.E.2d 879, 880 (Ind. 1987).

*Chesnut v. Roof*, 665 N.E.2d 7, 9 (Ind. Ct. App. 1996). In determining whether a statute applies retroactively, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 270–71 (1994).

[12] We have little trouble concluding that Smith's retroactivity argument has merit. Applying CAPSA's notice requirements to Smith's claim would be to attach new legal consequences to an event that occurred before CAPSA was the law, *i.e.*, retroactively. There is, however, no indication whatsoever that the General Assembly intended CAPSA to apply retroactively, much less an express indication. We must therefore presume that only prospective application was intended. Because we conclude that applying CAPSA to Smith's claim would amount to an impermissible retroactive application, we need not address the other grounds on which he argues that CAPSA does not apply here or his claim that the ITCA Notice satisfied CAPSA's notice requirements.

## Conclusion

[13] We conclude that the compliance of Smith's claim with ITCA notice requirements has been conclusively established. We further conclude that CAPSA does not apply to Smith's claim, as that would constitute retroactive

and, in this case, impermissible application of CAPSA. Because the trial court never should have dismissed Smith's claim for failing to satisfy CAPSA, we conclude that it abused its discretion in failing to find good cause to reinstate it.

[14] We reverse the judgment of the trial court and remand with instructions to reinstate Smith's tort claim against the School.

Vaidik, C.J., and Riley, J., concur.