# FOR PUBLICATION



ATTORNEY FOR APPELLANTS
THOMAS AND SAM KINDRED:

**SCOTT A. NORRICK**
Anderson, Indiana

APPELLANT PRO SE:
**JAMES H. KINDRED**
Solsberry, Indiana

ATTORNEY FOR APPELLEE:

**MARILYN A. HARTMAN**
HARTMAN LAW, P.C.,
Bloomfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES KINDRED, THOMAS KINDRED, AND SAM KINDRED, | ) | |
| | ) | |
| Appellants-Respondents, | ) | |
| | ) | |
| vs. | ) | No. 60A01-1304-PL-156 |
| | ) | |
| BETTY TOWNSEND and HARMON CRONE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE OWEN CIRCUIT COURT
The Honorable Lori Thatcher-Quillen, Judge
Cause No. 60C01-1003-PL-123

**February 25, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

James Kindred, Thomas Kindred, and Sam Kindred ("the Kindreds") appeal the interlocutory order of the Owen Circuit Court denying their motion to dissolve a preliminary injunction requested by Betty Townsend ("Townsend") and Harmon Crone ("Crone") (collectively "the Defendants"). Concluding that the Kindreds' appeal is an untimely attack on the trial court's earlier order granting the preliminary injunction, we dismiss.

**Facts and Procedural History**

The present case involves a dispute over the ownership of real property that was part of the Estate of Lulu Townsend, who died in 1964. For some reason, the parcel of real property at issue here was not included in the decree of final distribution of the Estate, and the distribution decree was never challenged.

The Kindreds have lived on property adjacent to the disputed property since 1975 and believed it belonged to them, as did the Kindreds' predecessor in interest. In 2006, Townsend realized that she might be an heir to the Estate of Lulu Townsend and have an ownership interest in the disputed property. In 2010, Townsend executed a warranty deed transferring her interest in the disputed property to Crone.

On April 14, 2010, the Kindreds filed a complaint against Townsend and Crone to quiet title by adverse possession. On May 7, 2010, Crone filed a motion for a restraining order, and on June 1, 2010, Townsend similarly filed a request for a preliminary injunction to prevent damage to the disputed property. The Kindreds filed a written

objection, but the trial court, after conducting an evidentiary hearing on June 4, 2010, entered an order granting the preliminary injunction. Neither party appealed this order.[1]

Six months later, on January 6, 2011, the Kindreds filed a motion to dissolve the preliminary injunction, claiming that Townsend and Crone lacked standing. The trial court held an evidentiary hearing on the matter on March 13, 2013, and denied the motion to dissolve. The Kindreds then filed a motion to reconsider on March 25, 2013, which the trial court denied on March 28, 2013. The Kindreds then filed a notice of appeal from this interlocutory order on April 8, 2013, initiating the instant appeal.

**Discussion and Decision**

The Kindreds admittedly appeal from an interim, interlocutory order. But they claim the right to an interlocutory appeal under Indiana Appellate Rule 14(A)(5). This rule provides, "Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary: . . . (5) Granting or refusing to grant, dissolving *or refusing to dissolve a preliminary injunction*." (emphasis added). At first glance, then, it could appear that the Kindreds properly appealed the trial court's order denying their motion to dissolve the preliminary injunction by filing their notice of

---

[1] In the meantime, in May 2010, the Kindreds had filed a motion for summary judgment. After thirty days, the Kindreds moved for entry of judgment against Crone because he had not responded in time to their summary judgment motion. The trial court accordingly entered judgment against Crone, finding that Crone had not responded in time to the Kindreds' motion. Crone then filed a motion to correct error and for relief from judgment. In January 2011, the court ordered the summary judgment against Crone be entered as a final judgment and dismissed Crone's motion to correct error, but then granted Crone's motion for relief from judgment and vacated the judgment it had previously entered against Crone. The Kindreds appealed this order, but we affirmed the trial court in a memorandum decision. See Kindred v. Townsend, No. 60A04-1101-PL-42, 2011 WL6916511 (Ind. Ct. App. Dec. 30, 2011).

3

appeal within thirty days of the trial court's order denying their motion to dissolve the preliminary injunction.

But the Defendants claim that the Kindreds' motion to dissolve was not based on any new facts or circumstances that had arisen since the trial court's entry of the preliminary order; instead, it is based on grounds that the Defendants lack standing and that the trial court lacked jurisdiction—arguments that were available to the Kindreds at the time the trial court entered its preliminary injunction. Thus, the Defendants argue that the Kindreds should have presented these challenges in an appeal from the trial court's order entering the preliminary injunction, not its order denying the Kindreds' motion to dissolve the preliminary injunction months later. We agree.

Appellate Rule 14(A) provides for interlocutory appeals as of right from orders granting (or refusing to grant) and dissolving (or refusing to dissolve) preliminary injunctions. It also provides for certain time limits for these appeals. Specifically, if a party wishes to appeal an order granting or refusing to grant a preliminary injunction, that party must file a notice of appeal within thirty days after the order is noted in the CCS. If a party fails to do so, the right to bring such an interlocutory appeal is forfeited. See Young v. Estate of Sweeney, 808 N.E.2d 1217, 1221 (Ind. Ct. App. 2004) (holding that interlocutory appeal was untimely where notice of appeal was filed forty-five days after entry of interlocutory order); Haston v. State, 695 N.E.2d 1042, 1044 (Ind. Ct. App. 1998) (holding that failure to timely perfect interlocutory appeal results in forfeiture of opportunity to pursue the appeal). Thus, if a party desires to appeal the entry of a preliminary injunction order, that party must file a notice of appeal within thirty days,

which the Kindreds admittedly did not do in the present case. Thus, they have forfeited any right to appeal the trial court's preliminary injunction order.

The Kindreds claim, however, that they are not appealing the trial court's order granting the preliminary injunction; instead, they note that they are appealing the trial court's order denying their motion to *dissolve* the preliminary injunction. And Appellate Rule 14(A)(5) provides for an interlocutory appeal as of right from orders denying a motion to dissolve a preliminary injunction. However, if read broadly, this would permit a party subject to a preliminary injunction to repeatedly bring motions to dissolve a preliminary injunction and repeatedly appeal such denials. Indeed, if we were to read Appellate Rule 14(A)(5) this broadly, a party who forfeited the right to appeal from the entry of the preliminary injunction could repeatedly resurrect their right to appeal by simply filing a motion to dissolve the injunction. Likewise, a party who forfeited the right to appeal a denial of a motion to dissolve a preliminary injunction could resurrect their appeal by filing a repetitive motion to dissolve the injunction. This would render the time limitations of Appellate Rule 14(A) meaningless.

We therefore read Appellate Rule 14(A)(5) to mean that a party who wishes to challenge the entry of a preliminary injunction order (or the denial of a request for a preliminary injunction) must initiate their appeal within thirty days of the trial court's order granting or denying the request for a preliminary injunction. If a party fails to do so, it may not thereafter seek to dissolve the preliminary injunction based upon grounds that were known or knowable at the time of the entry of the preliminary injunction, as this would simply be a belated, collateral attack on the trial court's initial decision to

enter or deny the injunction. To hold otherwise would allow limitless appeals based on the same facts tried and decided to enter or deny a preliminary injunction. On the other hand, if a party moves to dissolve a preliminary injunction based upon a change in circumstances since the entry of the injunction, and the trial court grants or denies this motion, then the party has the right to appeal the trial court's order dissolving or refusing to dissolve the injunction.[2]

This holding is consonant with the letter and spirit of repose and reliance in our procedural rules. For example, Trial Rule 13(A) generally requires that a defendant must include in his responsive pleading any counterclaim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. See Hilliard v. Jacobs, 927 N.E.2d 393, 401 (Ind. Ct. App. 2010), trans. denied (citing Ind. Trial Rule 13(A)). Cf. Armstrong v. State, 747 N.E.2d 1119, 1120 (Ind. 2001) (noting that equitable doctrine of laches bars consideration of claims or rights of those who have neglected to do what should have been done under circumstances permitting due diligence).

In the case before us, the Kindreds based their motion to dissolve the preliminary injunction on grounds that Townsend and Crone lacked standing, that the trial court lacked jurisdiction, and that the Defendants had failed to present sufficient evidence to

---

[2] We find Xantech Corp. v. Ramco Indus., Inc., 643 N.E.2d 918 (Ind. Ct. App. 1994), and Oxford Fin. Grp., Ltd. v. Evans, 795 N.E.2d 1135 (Ind. Ct. App. 2003), cases cited by the Kindreds, to be distinguishable. In Xantech, the appellee failed to file an appellate brief, and the issue of jurisdiction was neither raised nor addressed. In Oxford Financial, the appellee did challenge the propriety of the interlocutory appeal by claiming that the trial court in that case had merely modified the preliminary injunction, a situation which did not fall within the ambit of Appellate Rule 14(A)(5). This court disagreed, and held that the trial court's modification effectively dissolved the original injunction, thereby allowing an interlocutory appeal. Oxford Financial, 795 N.E.2d at 1141. Here, in contrast, the trial court did not alter the original preliminary injunction order, and the Kindreds' current arguments are simply collateral attacks on the merits of the entry of the preliminary injunction order, which we conclude to be untimely for purposes of an interlocutory appeal.

support the entry of the injunction. Even if true, evidence concerning these alleged defects should have been apparent and presented by the Kindreds at the time the trial court entered the preliminary injunction. Thereafter, the Kindreds failed to timely perfect an interlocutory appeal from the trial court's order entering the preliminary injunction. Instead, some six months later, they filed a motion seeking to dissolve the preliminary injunction based upon grounds that were known or knowable at the time of the entry of the preliminary injunction. To allow them to appeal now would permit them to bypass the time limits imposed by Appellate Rule 14(A)(5) and to resurrect their time-barred right to appeal simply by filing a motion (or motions) to dissolve.

Because the Kindreds did not perfect an interlocutory appeal within thirty days of the trial court's order entering the preliminary injunction, their right to appeal this order has been forfeited. They cannot revive this right by filing a motion to dissolve the preliminary injunction entered against them based on claims, evidence, or alleged facts that were available to them at the time the preliminary injunction was tried. We therefore dismiss this interlocutory appeal as untimely.[3]

Dismissed.

BRADFORD, J., and PYLE, J., concur.

---

[3] Our holding should not be taken to mean that the Kindreds have forever waived any issue with regard to the trial court's interlocutory order(s). To the contrary, our supreme court has held that "[a] claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment." Bojrab v. Bojrab, 810 N.E.2d 1008, 1014 (Ind. 2004) (citing Georgos v. Jackson, 790 N.E.2d 448, 452 (Ind. 2003)). Thus, the Kindreds may attack the trial court's interlocutory orders on appeal from the final judgment. See id. But we hold that they have forfeited their right to an *interlocutory* appeal by failing to timely appeal the trial court's entry of the preliminary injunction.