

FILED

Mar 14 2019, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kyle Michael
Hebron, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

Melba Polk-King,

*Appellant-Defendant,*

v.

Discover Bank,

*Appellee-Plaintiff*

March 14, 2019

Court of Appeals Case No.
18A-SC-1772

Appeal from the Lawrence
Township Small Claims

The Honorable Kimberly J. Bacon,
Judge

Trial Court Cause No.
49K03-1406-SC-3436

**Altice, Judge.**

## Case Summary

[1] Discover Bank (Discover) initiated a small claims action against Melba Polk-King in 2014. Following a failed arbitration in 2015 and another year of inaction by Discover, the court dismissed the action without prejudice in 2017 for failure to prosecute. Upon Discover's motion, the court later reinstated the action and then stayed the action for a second attempt at arbitration. Polk-King

argued that the reinstatement was improper, the statue of limitations had run, and Discover could not reinitiate arbitration. Despite her protests, the second arbitration proceeded, and the arbitrator entered an award in favor of Discover. The small claims court then confirmed the arbitrator's award and denied Polk-King's request to vacate the award and dismiss with prejudice. On appeal, Polk-King argues that the court erroneously reinstated the action after the dismissal for failure to prosecute.

[2] We reverse and remand.

### Facts & Procedural History

[3] On June 9, 2014, Discover filed a notice of claim against Polk-King in small claims court. Discover alleged that Polk-King had an unpaid consumer credit card balance of nearly $4000. Following a hearing in October 2014, the matter remained pending while Discover conducted a fraud investigation and pursued discovery. Discover eventually requested a bench hearing, which the small claims court set for May 12, 2015. Before the scheduled hearing, however, Polk-King filed a motion to compel arbitration. Thus, at the hearing, the court continued the matter indefinitely to allow for the arbitration process to be completed. The court noted that an arbitration claim had been filed with the Judicial Arbitration and Mediation Services (JAMS).

[4] The JAMS case coordinator sent notices to Discover in July, August, and September 2015 that the initial case management fee of $800 had yet to be paid. On October 9, 2015, the case coordinator sent letters to the parties warning that

if the fee is not received in thirty days, "we will assume Respondent is not interested in pursuing arbitration and JAMS will close the file." *Appellant's Appendix* at 20. The parties were notified on November 9, 2015 that the arbitration had been closed due to non-payment of the fee. The following day, Discover sent a letter to Polk-King attempting to reach a settlement outside of arbitration to avoid the "large JAMS fee". *Id.* at 47. On November 13, 2015, Polk-King rejected any settlement except for a "mutual walk-a-way", noting that "JAMS closed the case, the statute of limitation has expired and Discover failed to comply with the motion to compel". *Id.* at 48. In December 2015, new counsel was substituted to represent Discover.

[5] After nearly a year of inaction, on November 28, 2016, Discover filed a motion to return the case to the court's active docket. Discover (wrongly) alleged that Polk-King had failed to pay the required arbitration fees and that the arbitration had been terminated as a result of her inaction. Polk-King filed a motion to dismiss on December 5, 2016. Polk-King asserted that Discover was the party responsible for paying the fee and asked the court to dismiss the action with prejudice due to Discover's failure to pay the fee. The court set the motions for a hearing.

[6] At a hearing on March 20, 2017, Discover admitted to failing in its obligation to pay the arbitration fee, which caused closure of the arbitration process. The court then dismissed the case without prejudice and made the following journal entry: "Parties were ordered to arbitration and that has not occured [sic] by no fault of defendant[;] leaving this open on her credit history is unduly prejudicial.

Plaintiff may refile if arbitration is unsuccessful." *Id.* at 6. Shortly thereafter, on May 8, 2017, Discover filed a motion to vacate the dismissal and stay the action until the completion of arbitration. In support of its motion, Discover stated:

1. Where the parties agreed to arbitration, the Court dismissed this matter without prejudice…and advised that "Plaintiff may refile if arbitration is unsuccessful."

2. However, per the Federal Arbitration Act, where a suit is referable to arbitration, the court *shall* stay the trial of the action until such arbitration has been completed. 9 U.S.C. § 3 (emphasis added).

3. Without a case pending in this court, the parties will not be able to file a Motion to Confirm Arbitration Award upon completion of arbitration.

4. Moreover, while Plaintiff's Complaint, filed on June 9, 2014, was within the applicable statute of limitations, there may be a question as to whether the statute of limitations would preclude Plaintiff from refiling a new claim upon completion of arbitration.

*Id.* at 24. One week later, the court entered an order granting the motion to vacate the dismissal "for good cause shown" and staying the action until the completion of arbitration. *Id*. at 25. Discover filed a demand for arbitration with JAMS on July 18, 2017. Polk-King received notice of the new arbitration filing on August 2, 2017.

[7] Thereafter, on October 5, 2017, Polk-King filed a letter with the court.[1] She alleged that she had not received a copy of Discover's motion to vacate the dismissal and argued that the case should be dismissed with prejudice because the statute of limitations had run. The court set the matter for hearing on November 6, 2017.

[8] In the meantime, Discover secured a hearing room for the arbitration for November 13, 2017. Additionally, Discover filed with the court an opposition to Polk-King's motion to dismiss and a motion for the case to remain on the inactive docket pending arbitration. Polk-King responded to these filings and noted that Discover defaulted in the original arbitration proceedings by failing to pay the fees, which resulted in JAMS terminating the arbitration. She argued that because Discover failed to prosecute the case in a timely manner, the case should be dismissed with prejudice under Ind. Trial Rule 41(E). She also asserted that the statute of limitations had run and Discover could not "refile or reopen a new case" following termination of the first arbitration. *Appellant's Appendix* at 35.

[9] Both parties appeared at the hearing on November 6, 2017, regarding Polk-King's motion to dismiss. The court reset the matter for a hearing on November 13, 2017, to be held immediately after the scheduled arbitration hearing. The arbitration hearing took place as scheduled, and both parties

---

[1] This same day, the parties participated in a telephonic preliminary hearing in the arbitration proceedings.

presented arguments and evidence. The arbitrator then took the matter under advisement. At the court hearing later that same day, the court continued the case and noted, "Parties will file motion for new court date." *Id*. at 8.

[10] On November 28, 2017, the arbitrator issued the final arbitration award in favor of Discover in the amount of $3,954.71 plus court costs. That same day, Polk-King notified JAMS that she wished to appeal the decision. The JAMS case manager, however, advised that Polk-King had "no avenue for appeal available via JAMS." *Id*. at 66.

[11] Discover filed a motion to confirm and enforce the arbitrations award on December 8, 2017. Discover represented in its motion that "[p]er the governing agreement of the parties and the JAMS Streamlined Rules, this is a final award that cannot be appealed through JAMS." *Id*. at 55. On December 14, 2017, the court signed an order enforcing the arbitration award.

[12] Polk-King, who had been pro se until this point, retained an attorney on or about January 22, 2018. On February 26, 2018, she filed, through counsel, a motion to vacate the December 14, 2017 order, invalidate the arbitration award, and dismiss the case with prejudice. Polk-King argued that the trial court prematurely confirmed the arbitration award and that Discover's default in the first arbitration made the second arbitration invalid and outside the statute of limitations. Discover objected to Polk-King's motion.

[13] A hearing on the motion to dismiss was held on July 11, 2018. Polk-King was once again proceeding pro se. In addition to presenting argument at the

hearing, she filed a detailed memorandum arguing that she was entitled to relief from judgment pursuant to Ind. Trial Rule 60(b) for several reasons, including: (1) The arbitration award was prematurely confirmed by the trial court; (2) Discover's default in the first arbitration lifted any stay in the court proceedings, resulted in "no case pending", and waived Discover's right to demand arbitration; and (3) Discover was not entitled to vacation of the March 20, 2017 dismissal of the action. The court took the matter under advisement and then issued its order on July 23, 2018, denying Polk-King's motion to set aside and vacate the arbitration. Polk-King now appeals. Additional information will be provided below as needed.

## Discussion & Decision

[14] The parties agree that the six-year statute of limitations found in Ind. Code § 34-11-2-7 applies to Discover's claim against Polk-King. Additionally, it is undisputed that the claim accrued on March 1, 2010, and that Discover timely initiated suit against Polk-King when it filed its notice of claim in the small claims court on June 9, 2014.

[15] Thereafter, in May 2015, Polk-King requested arbitration, as was her prerogative under her contract with Discover. The court proceedings were continued indefinitely to allow for the arbitration process to be completed. Arbitration, however, stalled almost immediately when Discover failed to pay the required case management fee for several months. Ultimately, Discover's failure to pay led to default and closure of the first arbitration on November 9,

2015. Polk-King's understanding was that this was the end of Discover's case against her.

[16] Aside from Discover substituting new counsel in December 2015, Discover took no action in the small claims court proceedings for nearly a year after the arbitration was closed. In November 2016, Discover filed a motion to return the case to the active docket. Polk-King responded with a motion to dismiss due to Discover's default during the arbitration process. Essentially, Polk-King argued that Discover had failed to prosecute and had violated the arbitration provision in the contract. Following a hearing in March 2017, the court dismissed the action without prejudice. Less than two months after the dismissal, and apparently without Polk-King's knowledge, Discover filed a motion to vacate the dismissal and stay the action until the completion of arbitration, which the trial court granted. Upon learning of the reinstatement, Polk-King actively challenged it and argued for dismissal.

[17] Polk-King argues on appeal that when the trial court dismissed the action for failure to prosecute, it could not later set aside the dismissal because the statute of limitations had expired, and the court no longer had jurisdiction over the case. Polk-King provides no authority for this novel proposition.

[18] Although filed in the small claims court, this case veered far off the path of the typical informal small claims action and became procedurally complex. In this vein, the court's dismissal of the action in March 2017 was not based on Ind. Small Claims Rule 10, which provides for dismissal where "the plaintiff fails to

appear at the time and place specified in the notice of claim, or any continuance thereof". *See Niksich v. Cotton*, 810 N.E.2d 1003, 1006 (Ind. 2004) ("We do not view Small Claims Rule 10 as setting out an exclusive list of grounds for dismissal of a small claims action."), *cert. denied*. Rather, the court based the dismissal on Ind. Trial Rule 41(E) for Discover's failure to prosecute.[2]

[19] Dismissal pursuant to T.R. 41(E) was appropriate under the circumstances, as Discovery had sat on its rights in both the arbitration (failing to pay the fee over a period of several months) and the small claims action (failing to prosecute for a year after the arbitration was closed). *See Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004) (listing several factors that may be considered in dismissing for failure to prosecute but observing "a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay"). In sum, Discover failed to prosecute its claim against Polk-King for nearly eighteen months after arbitration was ordered. The court specifically found that this delay was due to no fault of Polk-King and that leaving the claim open on her credit history was unduly prejudicial.[3] Although Polk-King requested a dismissal with prejudice, the court dismissed the case without prejudice.

---

[2] "[T]he Trial Rules govern small claims proceedings to the extent the two sets of rules do not conflict, but where the two conflict, the Small Claims Rules apply." *Niksich*, 810 N.E.2d at 1005.

[3] At the time the dismissal was entered, the case had been pending for almost three years.

[20]     Pursuant to T.R. 41(F), the court had discretion to set aside the dismissal without prejudice "[f]or good cause shown and within a reasonable time". *Id.*; *see also E&S Mems, L.L.C. v. Eagen*, 795 N.E.2d 508, 511 (Ind. Ct. App. 2003) (T.R. 41(F) provides a procedure by which the plaintiff may seek to invoke the trial court's continuing jurisdiction following an order of dismissal). Thus, the question is not whether the trial court had authority to set aside the dismissal. It did. Rather, we consider whether the trial court abused its discretion by doing so.[4]

[21]     The reinstatement of a case via T.R. 41(F) has been described by this court as "extraordinary relief." *Estate of Mills-McGoffney,* 78 N.E.3d at 706 (quoting *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055, 1060 (Ind. Ct. App. 2007)). We review a trial court's ruling on a motion to reinstate an involuntary dismissal for abuse of discretion. *Id.* at 705. "Judicial discretion has been defined as a judge's privilege to decide and act in accordance with what is fair and equitable within the confines of justice." *Cloyd v. Pasternak*, 791 N.E.2d 757, 759 (Ind. Ct. App. 2003). Our review, therefore, is made in light of and confined to the facts and circumstances of the particular case. *Estate of Mills-McGoffney*, 78 N.E.3d at 705. "In other words, we will uphold the trial court's decision unless it 'is clearly against the logic and effect of the facts and

---

[4] When a motion for reinstatement is filed beyond the thirty-day mark for filing an appeal, as in this case, any subsequent appeal will pertain to whether the trial court abused its discretion in denying or granting the motion to reinstate. *Estate of Mills-McGoffney v. Modesitt*, 78 N.E.3d 700, 705 (Ind. Ct. App. 2017).

circumstances before it or if the court has misinterpreted the law.'" *Id.* at 705-06 (quoting *Natare Corp.*, 874 N.E.2d at 1058).

[22] In its motion to vacate the dismissal, Discover made no attempt to explain the lengthy delays it had caused. There is no indication why the requests from the arbitrator for payment of the initial fee went unanswered between July and November 2015, but the record suggests that the non-payment was intentional, as Discover preferred not to arbitrate. Further, the day after the arbitration was closed, Discover sent a lengthy letter to Polk-King regarding Discover's desire to settle the matter outside of arbitration. Polk-King, keenly aware of the closure, responded that Discover had defaulted under the arbitration agreement and that the statute of limitations – which she believed at the time to be three years – had expired.[5] Despite knowing that the arbitration had been closed, Discover took no action in the matter for another year. Again, in its motion to vacate the dismissal, Discover failed to explain its lack of diligence following closure of the first arbitration.

[23] In support of its motion, Discover first asserted that both parties had agreed to arbitrate. The record, however, establishes that although Polk-King initially requested arbitration, she consistently sought dismissal of the entire matter and argued that reinitiating arbitration was improper after the first arbitration had been closed due to Discover's default.

---

[5] In fact, as Polk-King acknowledges on appeal, the applicable statute of limitations was actually six years.

Next, Discover implied in its motion that the Federal Arbitration Act (FAA) required the court to stay the action while the second arbitration was initiated and completed. On the contrary, 9 U.S.C.A. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending … shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

(Emphasis supplied). Because Discover had been in clear default of the arbitration agreement, it was not entitled to a stay of the court proceedings or to demand re-initiation of arbitration *two years* after the first arbitration was filed. *See Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1200-02 (9th Cir. 2003) (holding that FAA does not require a court to stay an action and order arbitration when the party seeking to compel arbitration has previously defaulted in proceeding with arbitration); *see also Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) ("Failure to pay arbitration fees constitutes a 'default' under § 3."), *cert. denied*.

Finally, and obviously the impetus for the motion, Discover noted the probability that it would be unable to file a new claim due to the statute of limitations. In other words, the dismissal without prejudice was in effect a dismissal with prejudice in light of the statute of limitations. This certainly appears to be the case, but that belated observation by Discover does not

amount to "good cause" as required by T.R. 41(F) to receive the extraordinary relief of reinstatement. *Cf. Cloyd*, 791 N.E.2d at 759 (affirming denial of motion to reinstate following dismissal without prejudice where statute of limitations prevented plaintiffs from refiling their claim).

[26] Under the circumstances of this specific case, we hold that the small claims court abused its discretion by granting Discover's motion and reinstating the action against Polk-King three years after the complaint had been filed and two years after the matter had been sent to arbitration. Discover's dilatory conduct resulted in an unnecessarily lengthy cloud over Polk-King's credit history. In its motion to set aside the dismissal, Discover offered no explanation for its inaction and no good cause for reinstatement. "Ultimately, reinstatement is a matter of equity", and the equities were not with Discover here. *See Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 143 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, the action should not have been reinstated by the court and the dismissal should have been the end to the case.

[27] On remand, the court is directed to vacate its confirmation of the arbitration award and dismiss the case with prejudice.

[28] Judgment reversed and remanded.

Najam, J. and Pyle, J., concur.