

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CT-98

## Benjamin S. Smith,
*Appellant (Plaintiff)*



FILED

Aug 25 2020, 1:41 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

–v–

## Franklin Township Community School Corporation,
*Appellee (Defendant)*

Argued: May 21, 2020 | Decided: August 25, 2020

Appeal from the Marion Superior Court, No. 49D13-1810-CT-42794
The Honorable James A. Joven, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-CT-1244

**Opinion by Chief Justice Rush**

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

Nine days before the applicable statute of limitations expired, Benjamin Smith's attorney filed a lawsuit against Franklin Township Community School Corporation. The school moved to dismiss Smith's complaint, arguing that he failed to provide the pre-suit notice required by a recently enacted law. Smith didn't respond to that motion. And when the court dismissed the complaint, Smith didn't appeal that decision. Rather, months later, Smith challenged the legal basis underlying the dismissal in the last of a series of Trial Rule 41(F) filings that requested reinstatement of the case.

We find that Smith cannot use a Rule 41(F) filing to collaterally attack the merits of the dismissal order. He failed to preserve a substantive challenge to that decision, and thus the court acted within its discretion when it denied Smith's motion for reinstatement. We affirm.

## Facts and Procedural History

In January 2016, seventeen-year-old Benjamin Smith suffered injuries when his vehicle was rear-ended by a Franklin Township Community School Corporation bus. At some point over the next few months, Smith informed the School that he intended to file a claim for damages. But he would not bring that claim for more than two years.

Meanwhile, the legislature enacted the Claims Against Public Schools Act (CAPSA). Pub. L. No. 191–2018, § 25, 2018 Ind. Acts 2722, 2743–44. This law requires a party, before filing a lawsuit against a school, to satisfy certain notice requirements. Ind. Code §§ 34-13-3.5-4, -5 (2018). And if a party files suit without providing the required notice, the court must dismiss the case without prejudice. *Id.* § -7.

In October 2018, about four months after CAPSA took effect—and nine days before the applicable statute of limitations was set to run—Smith filed a negligence suit against the School. The School responded with a motion to dismiss, arguing that Smith failed to provide CAPSA notice before filing his complaint. Smith didn't file a response to the School's

motion. Instead, he sent a letter to the School—which he also filed with the court—that demanded $500,000 to settle the claim. The trial court then scheduled a telephonic conference with both parties. During that call, the court asked whether Smith "had sufficiently cured the asserted defect in filing the lawsuit." The School responded that the "later-filed notice was not sufficient." So the next day, the court dismissed Smith's case without prejudice.

Smith took no further action for two months. He then—over a six-week period—filed three documents: a "motion to reinstate," a "verified petition to reinstate," and a "memorandum in support of reinstatement." Each filing cited Trial Rule 41(F) and requested reinstatement of his case. In response, the School asserted that Smith had not met Rule 41(F)'s requirements for setting aside a dismissal. The trial court summarily denied Smith's motion. He appealed, and our Court of Appeals reversed. *Smith v. Franklin Twp. Cmty. Sch. Corp.*, 136 N.E.3d 615, 617, 620 (Ind. Ct. App. 2019).

The School petitioned for transfer, which we granted, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Here, the trial court denied Smith's Trial Rule 41(F) motion to reinstate his complaint. We review this ruling for an abuse of discretion. *See Polk-King v. Discover Bank*, 120 N.E.3d 1051, 1056–57 (Ind. Ct. App. 2019). An abuse of discretion occurs when the decision misinterprets the law or clearly contravenes the logic and effect of the facts and circumstances before the court. *DePuy Orthopaedics, Inc. v. Brown*, 29 N.E.3d 729, 731–32 (Ind. 2015).

## Discussion and Decision

Indiana Trial Rule 41(F) addresses reinstatement of a case following dismissal. Specifically, the subsection spells out what conditions a party must meet when seeking relief through a Rule 41(F) motion. As is relevant

here, if the dismissal was without prejudice, the moving party must file the motion "within a reasonable time" and show "good cause." T.R. 41(F).[1]

Smith maintains that he met Rule 41(F)'s requirements. He argues that he is entitled to reinstatement of the case because the trial court improperly dismissed his complaint due to a misinterpretation of the law. The School responds that Smith's arguments are not properly before us because he failed "to make them in a timely and procedurally appropriate manner." We agree with the School.

Reinstatement is extraordinary relief. *Natare Corp. v. Cardinal Accounts, Inc.*, 874 N.E.2d 1055, 1060 (Ind. Ct. App. 2007). To that end, a motion for reinstatement is not a substitute for a direct appeal, nor is it intended to address the legal basis of a judgment. *See State ex rel. Peoples Nat'l Bank & Tr. Co. of Washington v. Dubois Circuit Court*, 250 Ind. 38, 41, 233 N.E.2d 177, 178 (1968); *Estate of Mills-McGoffney v. Modesitt*, 78 N.E.3d 700, 705 (Ind. Ct. App. 2017). In other words, a party cannot delay raising available arguments and later rely on Trial Rule 41(F) to lodge a collateral attack against the merits of a trial court's decision. *Cf. In re Paternity of P.S.S.*, 934 N.E.2d 737, 740–41 (Ind. 2010) (applying legal principle in Trial Rule 60(B) context); *Dillman v. State*, 16 N.E.3d 445, 447 (Ind. Ct. App. 2014) (Trial Rule 59); *Kindred v. Townsend*, 4 N.E.3d 793, 797 (Ind. Ct. App. 2014) (preliminary injunction). Yet that is precisely what Smith attempted when—in his third and final request for reinstatement—he challenged the propriety of the court's dismissal. This means that, regardless of the merits of Smith's claims, they are not properly before us.

Recounting this case's tangled procedural history highlights why Smith cannot use Trial Rule 41(F), or this subsequent appeal, to challenge the legal basis underlying the court's order of dismissal. Recall that, after the

---

[1] Though Trial Rule 41(F) references a dismissal without prejudice generally, we are unable to find a decision allowing a party to use Rule 41(F) to reinstate a case that was not dismissed without prejudice under Trial Rule 41. While it appears that Trial Rule 41(F) may be confined to Rule 41 dismissals, we decline to make a sweeping determination here because this issue was not raised until transfer. *Reiswerg v. Statom*, 926 N.E.2d 26, 30 n.3 (Ind. 2010).

School moved to dismiss Smith's complaint, he did not file a response. In fact, Smith merely filed a letter he had sent to the School that attempted to show after-the-fact compliance with CAPSA's pre-suit notice requirements. The School indicated—in a court conference call with counsel present—that this later-filed notice was insufficient. Without the benefit of any response or argument from Smith to the contrary, the trial court determined that he failed to satisfy the statute's pre-suit notice requirements. And, as CAPSA requires, the court dismissed the case without prejudice.[2] I.C. § 34-13-3.5-7.

That decision, which disposed of Smith's claim against the School, was a final, appealable order. App. R. 2(H)(1). Though labeled a dismissal without prejudice due to CAPSA, the case was effectively dismissed with prejudice because the statute of limitations on Smith's claim expired months earlier. At that point, Smith could have filed a timely notice of appeal to challenge the order of dismissal. App. R. 9(A)(1). But he didn't.

Instead, two months later, Smith turned to Trial Rule 41(F) in an attempt to reinstate the complaint. Over a six-week period, he filed three documents invoking the rule. In the final filing—but for the first time—he challenged the merits of the dismissal.[3] Specifically, Smith disputed the legal basis underlying the trial court's order, which he argued constituted "good cause" for reinstatement. Yet each of the claims of error was based on grounds that were known or knowable at the time of the dismissal. In other words, Smith used a Rule 41(F) filing to collaterally attack the trial court's order. This is impermissible.

---

[2] We acknowledge that the School's motion to dismiss, which relied on an affidavit in support, should have been treated as a motion for summary judgment. *See* T.R. 12(B). But the court's failure to do so does not affect our analysis for two reasons. First, the error was harmless. Smith has not complained that he was not "given reasonable opportunity to present all material made pertinent" by summary judgment treatment. *Id.*; *see Dixon v. Siwy*, 661 N.E.2d 600, 604–05 (Ind. Ct. App. 1996). In fact, Smith presented external material to the court prior to dismissal. And second, Smith didn't raise this procedural error until his reply brief, and thus, the argument is waived. App. R. 46(C).

[3] In his first two Trial Rule 41(F) filings, Smith argued reinstatement was proper because postdismissal settlement negotiations were unsuccessful.

Though Smith forfeited his right to appellate review, adopting his argument would essentially allow him limitless appeals. *See* App. R. 9(A)(5); *cf. Kindred*, 4 N.E.3d at 796. We will not permit a party to forgo raising known arguments at the time a trial court dismisses a complaint only to later invoke Trial Rule 41(F) under the guise of establishing "good cause" for reinstatement. And the fact that the statute of limitations effectively rendered the dismissal with prejudice does not change the result. *See Polk-King v. Discover Bank*, 120 N.E.3d 1051, 1058 (Ind. Ct. App. 2019) (finding that the expiration of a claim's limitations period did not amount to good cause for the "extraordinary relief of reinstatement" under Rule 41(F)).

In sum, Trial Rule 41(F) requires, when a case is dismissed without prejudice, that a reinstatement request is made "within a reasonable time" and for "good cause." Given the timing and substance of Smith's ultimate Rule 41(F) filing, he cannot meet either requirement. Rather, Smith's request was actually an impermissible collateral attack on the trial court's dismissal order, and so the court did not abuse its discretion in denying Smith's motion.

## Conclusion

We affirm the judgment of the trial court.

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Steven K. Huffer
Andrea R. Simmons
S.K. Huffer & Associates, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE
Kevin S. Smith
Alexander P. Pinegar
Church, Church, Hittle & Antrim
Noblesville, Indiana

ATTORNEYS FOR AMICI CURIAE INDIANA SCHOOL BOARDS
ASSOCIATION AND INDIANA COUNCIL OF SCHOOL
ATTORNEYS
Thomas E. Wheeler
Maggie L. Smith
Derrian A. Smith
Frost Brown Todd LLC
Indianapolis, Indiana